HELEN SWEENEY ET AL., PLAINTIFFS, v. YORK MOTORS CORPORATION, DEFENDANT.

Submitted November 7, 1924—Decided April 11, 1925.

1. In an action brought against the defendant as the owner of an automobile operated by its employe for alleged negligence of the driver of the car, the right of recovery depends upon whether or not the defendant was legally responsible for the negligent act of its employe under the doctrine of *respondeat superior*, and the burden of proving that fact rests upon the plaintiff.

2. In an action brought against the owner of an automobile for the alleged negligent driving of its employe, the proofs showed that the employe secured permission of his employer to demonstrate the car to a Mr. S.; that after completing the demonstration, instead of returning the car to its place of storage, he went to call on a friend in the city of Newark, and at the latter's

suggestion, and without securing the permission of his employer, drove with his friend to Asbury Park, and it was while on this trip that the accident occurred. *Held*, that under this evidence, which was uncontradicted, the jury was not justified in awarding a verdict against the defendant.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Robert Carey* and *Harry Lane.*

*Contra, Jacob S. Karkus.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by Helen Sweeney and Seaton McLennan to recover compensation for injuries received in a collision between an automobile owned and operated by McLennan and an automobile owned by the defendant and operated by one Seaman; the claim of the plaintiffs being that the collision occurred solely by reason of the negligence of Seaman in the driving of his car. The trial resulted in a verdict for Miss Sweeney of $2,600 and for McLennan of $700.

Only two of the grounds upon which we are asked to make this rule absolute need be considered in disposing of the case. The first relates to the charge to the jury. The contention of the defendant was that at the time of the happening of the accident Seaman was using its auto not in its service, but solely for his own pleasure and without the consent or authority of his employer. In dealing with this phase of the case the court charged the jury that the burden of proving this fact by a preponderance of the evidence rested upon the defendant. The latter now asserts that in this instruction there was harmful error, and we consider this assertion to be well founded. The plaintiffs' right of recovery depended upon whether or not the defend-

ant was legally responsible for the negligent act of its employe under the doctrine of *respondeat superior,* and the burden of proving that fact rested upon them.   *Wilson* v. *Pennsylvania Railroad Co.,* 63 *N. J. L.* 385.

The defendant further contends that the verdict of the jury was in disregard of the proofs submitted upon the point dealt with in that portion of the judge's charge just referred to, even if the instruction be considered by us to be accurate.   We think this contention also is well founded. The proofs show that the defendant's place of business, so far as the location of its automobile was concerned, was in the city of Newark; that Seaman was in the defendant's employ; that during the morning of the day on which the accident occurred he called up the manager of the defendant corporation and asked if he might demonstrate a car to a Mr. Stovell, and that he received permission to do this. These facts are not denied.   According to the story told by Seaman on the witness-stand, after he had completed the demonstration of the car and had separated from Stovell, instead of taking the car back to the defendant company's storeroom, he went to call on a friend named Holland, and Holland suggested a trip to Asbury Park to see a mutual friend.   Without communicating with the defendant's manager or with anyone else in authority, Seaman agreed to drive Holland to Asbury Park to make this visit.   The accident occurred while they were on the way to this place, in the township of Holmdell, in Monmouth county, some time during the evening.   If Seaman's story is true, manifestly, the accident did not occur in the course of his employment, and the defendant is not liable.   Seaman's testimony was fully corroborated by that of Holland, and there was no proof to the contrary, except the presumption arising from the fact that at the time of the accident Seaman was driving a car belonging to his employer.   It is true that in rebuttal a justice of the peace from the town of Keyport was called, and he produced a writing signed by Seaman which read as follows: "I was demonstrating the Loco automobile for the York Motors Company to George Holland, of Newark, New

Jersey, when accident occurred." This statement was admissible for the purpose of affecting the credit to be given to Seaman's testimony on the witness-stand, and it was admitted solely for that purpose. It was not evidential as to the facts stated therein. In other words, it was not evidential on the question whether Seaman was or was not engaged in the service of the defendant at the time of the accident. In view of the state of the testimony at the time when both sides rested, we are satisfied that the finding·of the jury upon this fundamental question was in disregard of the great preponderance of the evidence.

The conclusion which we have reached upon the points discussed makes a consideration of the other grounds upon which we are asked to set aside the verdict unnecessary.

The rule to show cause will be made absolute.